## ISRAEL W. MOORES vs. MARY E. MOORES.

1. An answer to a bill for divorce on the ground of desertion, which sets up as a defence a general and vague charge of cruelty on the part of the husband, without specifying any act of cruelty, or making any statement from which it can be discovered in what the cruelty consisted, is radically defective.

2. The defendant is bound to state in his answer all the circumstances of which he intends to avail himself by way of defence, and to apprise the complainant in a clear and unambiguous manner, of the nature of the case he intends to set up.

3. Evidence must be confined to the issue made by the pleadings, and all evidence in support of totally distinct facts from those relied upon in the bill or answer, is irrelevant, impertinent, and inadmissible.

4. Under general allegations particular instances may be proved, but in such cases the general charge must be of such precise and definite character, as to apprise the adverse party of the nature of the evidence to be introduced.

5. A court of equity will not deprive a defendant of his defence upon a mere technicality of pleading, when its admission affects prejudicially no right of the complainant.

6. The conduct which will justify the wife in abandoning her husband, must be such as would constitute a ground for divorce or alimony.

7. The mere separation of husband and wife does not constitute desertion within the meaning of the statute. To constitute desertion, the wife must absent herself from her husband of her own accord, without his consent and against his will.

8. A bill will not lie for divorce on the ground of desertion, where the parties are living apart under articles of separation or by mutual agreement, and where the party seeking it has not expressed a desire to terminate the agreement.

9. A voluntary agreement between husband and wife to live separate, constitutes no bar to an action, by either of the parties, for a restitution of marital rights. Nor does it operate in the eye of the law, as a release of either of the parties from their matrimonial obligations.

*R. S. Green,* for complainant.

*Shafer,* for defendant.

THE CHANCELLOR. The complainant asks a divorce from his wife on the ground of desertion. The parties were married on the second of January, 1856. On the thirteenth of December, 1856, the defendant left her home without the knowledge or consent of her husband, refused to return, and has since lived separate and apart from him. These facts are not disputed.

The first ground of defence presented by the answer, is that the defendant was compelled to leave her husband "because of his cruel conduct towards her;" that "his conduct was so cruel that she could not live with him." There is no specification of any act of cruelty, nor any statement from which it can even be discovered in what the cruelty consisted. The answer upon this ground was open to exception for insufficiency. But the defendant having taken issue upon the answer, it becomes a material question whether the cruelty of the complainant is properly put in issue by the pleadings, and consequently, whether the whole evidence upon this point should not be overruled as impertinent.

It is a familiar principle that evidence must be confined to the issue made by the pleadings. All evidence, therefore, in support of totally distinct facts from those relied upon in the bill or answer, is irrelevant, impertinent, and inadmissible. *Whaley* v. *Norton,* 1 *Vern.* 484; *Clarke* v. *Turton,* 11 *Vesey* 240; *Smith* v. *Clarke,* 12 *Vesey* 477; *Blake* v. *Mamell,* 2

*Ball & B.* 47; *Stanley* v. *Robinson*, 1 *Russ. & M.* 527; *James* v. *McKernon*, 6 *Johns. R.* 543; *Chandler* v. *Herrick*, 3 *Stockt.* 497; *Gresley's Eq. Ev.*, (ed. 1837) 159, 161.

But the defendant does not attempt to introduce a totally distinct defence from that relied upon in her answer. The husband's cruelty is alleged in the answer as a ground of defence. The real question is, whether, under that vague and general allegation, the defendant shall be permitted to give evidence of the facts relied upon in support of the charge. Under general allegations, particular instances may be proved. Thus, under a charge of insanity, drunkenness, or lewdness, particular acts may be shown. *Gresley's Eq. Ev.*, 161.

In these cases, the general charge is of a precise and definite character, which apprises the adverse party of the nature of the evidence to be introduced. But under a general allegation that the complainant " had withdrawn herself from her husband, lived separately from him, and very much misbehaved herself," or that " she did not behave with that duty and affection that became a virtuous woman, much less this defendant's wife," adultery is not put in issue, and evidence of particular acts cannot be given. *Sidney* v. *Sidney*, 3 *P. W.* 269; *Doneraile* v. *Doneraile, Buller's N. P.* 296.

The general charge of cruelty is of the most vague and indefinite character. It may consist of acts of omission or of commission; of acts in themselves lawful or unlawful. Its operation upon the party aggrieved, may either be corporeal or merely mental. Adultery by the husband is the grossest cruelty that can be inflicted upon a wife; and yet it will not be pretended that evidence of acts of adultery could be given in evidence under a general charge of cruelty. Nor does the objection consist in the mere fact that adultery is in itself a distinct offence. It consists also in this further fact, that the charge does not apprise the adversary of the nature of the evidence designed to be offered. It is not evidence in support of the charge of cruelty. The charge of cruelty made against the husband, is highly penal in its character, involving

a forfeiture of his marital rights. The offence for which he might have incurred such a penalty, ought (in the language of Lord Chancellor Talbot) to be plainly laid to his charge, specified, and put in issue. *Sidney* v. *Sidney*, 3 *P. Wms.* 276.

Now the acts complained of were not in themselves unlawful. They savored in no wise of cruelty. The cruelty, if it exist, consists in facts and circumstances entirely independent of and collateral to the acts of the husband, which are not stated or suggested in the answer. How, then, was the complainant to know or suspect that these acts were to be offered in evidence under the general charge of cruelty? As a pleading, the answer is radically defective. The defendant, besides answering the complainant's case, is bound to state in his answer all the circumstances of which he intends to avail himself by way of defence. He is bound to apprise the complainant of the nature of the case he intends to set up, and that too in a clear and unambiguous manner. 2 *Daniell's Ch. Prac.* 814.

"The good sense of pleading, and the language of the books, (says Chancellor Kent) both require, that every material allegation of this kind should be put in issue by the pleadings, so that the parties may be duly apprised of the essential inquiry, and may be enabled to collect testimony and frame interrogatories in order to meet the question. Without the observance of this rule, the use of pleading becomes lost, and parties may be taken at the hearing by surprise." *James* v. *McKernon*, 6 *Johns. R.* 564.

As a matter of principle, I deem the evidence upon this part of the defendant's case not admissible under the pleadings, and if its admission affected prejudicially any right of the complainant, it should be rejected as irrelevant.

But it is not suggested that the introduction of the evidence in this case, operated in any wise as a surprise upon the complainant. It was not objected to before the master. The complainant had a full opportunity of meeting it. No evidence on his part was withheld on the ground that the facts proved were not within the issue. Under these circumstances

I am unwilling to deprive the defendant of her defence upon a mere technicality. This would not be in accordance with the practice of the court. *Chandler* v. *Herrick*, 3 *Stockt.* 499. As the evidence is fully before the court, it is for the interest of both parties that an opinion should now be expressed upon its merits.

The alleged cruelty is thus stated by the defendant herself. " I left my husband on account of his cruel treatment in bed. His intercourse with me was so often and so persisting that I could not stand it. That was the sole cause of my ever leaving him. The treatment I speak of affected my health. My husband's general treatment of me was kind and attentive. I had no cause of complaint as to his general treatment of me." This is the substance of the defence. There is reason to apprehend from the evidence that the sickness, of which the defendant complained, resulted mainly from her pregnancy, and that her desertion of her husband arose from her unwillingness to endure the pains of child bearing. The husband testifies that a short time before she finally left him, she said that she would not live with any man and bring up a family of children. This, in itself, constituted no justification of her deserting her husband. *Leavitt* v. *Leavitt*, *Wright* 719.

It is not questioned that a gross abuse of marital rights, resulting in injury or suffering to the wife, may constitute "cruelty" in the eye of the law, and justify the wife in separating herself from her husband. But no such case is established by the evidence on the part of the defendant. There is no pretence of any peculiar debility or physical infirmity on the part of the wife; no allegation of any violence or compulsion on the part of the husband. Her own evidence shows that she continued to cohabit with her husband prior to the birth of her child, and that a few weeks subsequently she voluntarily returned to his bed. The physician in attendance upon her during her confinement has not been examined. The case, in all its essential features, falls far short of the case made by the petitioner in *Shaw* v. *Shaw*, 17 *Conn.* 189,

which was held by the court insufficient to warrant a divorce on the ground of cruelty. .

The conduct which will justify the wife in abandoning her husband, must be such as would constitute a ground for divorce or alimony. *Butler* v. *Butler*, 1 *Parsons' Sel. Cas.* 329; *Logan* v. *Logan*, 2 *B. Monroe* 142; *Bishop on M. & Div.*, § 526.

I find nothing in the evidence to establish the charge of cruelty, or to justify the desertion of the complainant by his wife. No opinion is designed to be intimated in favor of the competency of the wife as a witness. That objection was not raised nor considered.

The second ground of defence is, that the wife has lived apart from her husband with his consent.

The evidence shows that the wife left her husband without his knowledge or consent, on the thirteenth of December, 1856. On the second of February, 1857, within two months after the desertion, written articles of separation were entered into by the parties, in which, after reciting that unhappy differences subsist between them, "for which they are agreed to live separate," the complainant, among other things, covenants "that he will permit his said wife, from henceforth during her life, to live separate from him, and stay and reside at such place or places as she pleases." After the execution of the agreement, there is no pretence that the husband has ever expressed his dissent from the agreement, or his desire to terminate it; or has ever, directly or indirectly, requested his wife to return to his house, or intimated his willingness that she should do so.

It is well settled that a mere separation of husband and wife does not constitute desertion within the meaning of the statute. To constitute desertion, the wife must absent herself from her husband of her own accord, without his consent, and against his will. *Drake* v. *Drake*, *Halst. Dig.* 385, "*Divorce*," § 1; *Jennings* v. *Jennings*, 2 *Beas.* 38; *Cook* v. *Cook, Ibid.* 263; *Bishop on M. & Div.*, § 511.

But it is urged that the act of the wife in leaving her

husband without justifiable cause, and without his consent, was a wilful act of desertion. That she has never since returned, or expressed a willingness to do so, but on the contrary declares that it was then, and ever since has been, her fixed determination not to live with the complainant as his wife. Hence, it is argued that the desertion was wilful, continued, and obstinate. The argument, however plausible, is not sound.

The complainant is before the court, seeking redress for a wrong done by the defendant in refusing to discharge her matrimonial obligations. But what right has he to complain of any act, as a violation of his rights, which was done with his assent. The general maxim of the law is *volenti non fit injuria.* If the complainant has sustained no injury, he has no ground for redress. Admitting that the agreement for separation by the husband and wife was not binding, that the conduct of the wife in absenting herself from her husband was unjustifiable and even criminal, it will not at all aid the complainant's case. Adultery is not less a crime if committed with the husband's consent; but no principle is better settled, or founded upon clearer reason, than that no divorce in such case will be granted at the instance of the husband. Nor is the case at all altered by the declared unwillingness of the wife to return to her husband. The right of the husband to redress must depend, not upon the intent, but upon the overt act of the wife. The simple inquiry is, has the wife, for the space of three years, absented herself from her husband without his consent and against his will? If she has not, her desertion is not, within the contemplation of the law, wilful and obstinate.

In *Butler* v. *Butler*, 1 *Parson's Sel. Cas.* 335, where this question was under consideration, the court said: " Although no court determining on the marriage relation, recognizes such consent separations as arrangements strictly legal; yet, when it is clearly shown that the withdrawal of a wife or husband from mutual cohabitation, has been the result of such an understanding or agreement; or where the with-

2 A*

drawal of one has received the subsequent approbation of the other, the continuity of absence, under such circumstances, is not a wilful and malicious desertion. The malice of the desertion arises from its being the perverse act of the one, in refusing the performance of the matrimonial obligations and duties, which the other has the legal right to require. But when such separation has been the result of mutual arrangements, and these clearly established in proof, then each is in equal fault in this particular, and neither can claim a legal right against the other, in consequence of an act in which he or she has been an equal participant. Such assent or acquiescence, however, are revocable acts; and if either party persists in a state of separation after such revocation, he or she thenceforth occupies the position of a party quitting cohabitation on his or her own motion."

It is further urged that a voluntary agreement by husband and wife to live separate is not regarded by the courts as binding, and hence it is insisted that the agreement of the husband can constitute no defence for the desertion of the wife. It is true that courts do not favor agreements by husband and wife to live apart. They are regarded as against the policy of the law, and although not treated for all purposes as absolutely void, they constitute no bar to an action by either of the parties for a restitution of marital rights. Nor does it operate, in the eye of the law, as a release of either of the parties from their matrimonial obligations. It will not, therefore, be permitted to stand in the way of the restitution of such rights and the enforcement of such obligations. But the principle is invoked by the complainant, not for the purpose of sustaining the policy of the law and enforcing the performance by the wife of her conjugal duties, but for the purpose of destroying the marriage relation, in direct contravention of the policy of the law. It would be a gross perversion of the principle to abrogate the contract under color of maintaining the rights of the husband, and thus inflict upon the wife the severest penalty for an act done with the husband's assent.

The complainant's bill must be dismissed.